UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
           - v. -                        :      PRELIMINARY
                                        ORDER OF FORFEITURE/
:      MONEY JUDGMENT
ALEXANDRU RADULESCU,
     a/k/a "Levi Vantz,"            :      S4 19 Cr. 651 (SHS)

           Defendant.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

         WHEREAS, on or about September 9, 2019, ALEXANDRU RADULESCU, a/k/a "Levi Vantz" (the "Defendant"), among others, was charged in four counts of an eight-count Superseding Indictment, S4 19 Cr. 651 (the "Indictment"), with conspiracy to commit access device fraud, in violation of Title 18, United States Code, Section 1029(b)(2) (Count One); conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Three); and access device fraud, in violation of Title 18, United States Code, Sections 1029(a)(4), (b)(l), and 2 (Count Six);

         WHEREAS, the Indictment included, *inter alia*, a forfeiture allegation as to Counts One and Six of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Six of the Indictment and any and all personal property used, or intended to be used, to commit the offenses charged in Counts One and Six of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable

to the commission of the offenses charged in Counts One and Six of the Indictment that the Defendant personally obtained;

WHEREAS, the Indictment included a second forfeiture allegation with respect to Count Two if the Indictment, seeking forfeiture to the United States, of any and all property, constituting or derived from proceeds the Defendant obtained, directly or indirectly, as a result of the commission of the offense alleged in Count Two of the Indictment, including but not limited to a sum of money in United States currency, representing the amount of currency traceable to the commission of the offense alleged in Count Two of the Indictment that the Defendant personally obtained;

WHEREAS, on or about June 23, 2022, the Defendant pled guilty to Counts One, Two, and Six of the Indictment;

WHEREAS, on or about July 7, 2022, the Defendant was found guilty, following a jury trial, of Count Three of the Indictment;

WHEREAS, the Government asserts that $981,101.83 in United States currency represents the proceeds traceable to the commission of the offenses charged in Counts One, Two, and Six of the Indictment that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $981,101.83 in United States currency, pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and (B), representing the proceeds traceable to the commission of the offenses charged in Counts One, Two, and Six of the Indictment that the Defendant personally obtained; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Two, and Six of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. As a result of the offenses charged in Counts One, Two, and Six of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $981,101.83 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Two, and Six of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant ALEXANDRU RADULESCU, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

7. This Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

January 5, 2023
DATE