UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ALEXANDRU RADULESCU,

                Defendant.

19-cr-651 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Alexandru Radulescu has moved for reconsideration of this Court's September 16, 2024 Opinion & Order, *see United States v. Radulescu*, No. 19-CR-651, 2024 WL 4200388 (S.D.N.Y. Sept. 16, 2024), denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), the "compassionate release" statute. (ECF No. 1542). Radulescu has failed to show the existence of an intervening change of controlling law, new evidence previously unavailable, a clear error in the Court's September 16th determination, or the need to prevent manifest injustice. Accordingly, Radulescu's motion for reconsideration is denied.

    "Although the Federal Rules of Criminal Procedure do not provide for motions for reconsideration, Local Criminal Rule [49.1(b)] permits such motions and provides that [the movant] should set forth concisely the matters or controlling decisions which [he or she] believes the Court has overlooked." *United States v. Parrilla*, No. 13-CR-360, 2014 WL 2200403, at *1 (S.D.N.Y. May 22, 2014); *see also* Local Civil Rule 6.3. "Reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Accordingly, reconsideration is generally denied "unless the moving party can point to controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court." *Id.* (citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). Radulescu's motion for reconsideration fails to establish any grounds that would justify granting his motion for a reduction in his 100-month term of imprisonment.

I.  **Radulescu Has Presented No Grounds Justifying Reconsideration of His Section 1B1.13(b)(1)(C) Claims.**

The compassionate release statute permits a court to reduce a defendant's sentence if, *inter alia*, "extraordinary and compelling reasons" exist. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the United States Sentencing Guidelines provides guidance on what constitutes "extraordinary and compelling" reasons. Radulescu's original motion for a sentence reduction was premised in large part on subsection 1B1.13(b)(1)(C). That subsection provides that "[e]xtraordinary and compelling reasons exist" to warrant a sentence reduction when a defendant shows that 1) "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care"; 2) this medical care is "not being provided"; and 3) without that care "the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). Radulescu insists that despite voluminous Bureau of Prisons ("BOP") medical records reflecting his numerous clinical encounters with BOP Health Services, he still has not received specialized medical care and is therefore "at risk of serious deterioration in health or death." (ECF No. 1542 at 2–3.) While Radulescu is entitled to his interpretation of the medical records, those records contain "multiple medical appointments with BOP staff members, including medical doctors, the prescription of various medications, as well as referrals to outside medical specialists for consultations and tests, including visits with a pulmonologist," *Radulescu*, 2024 WL 4200388, at *2, and Radulescu has failed to show that "long-term or specialized medical care [] is not being provided" or that he is "at risk of serious deterioration in health or death.'" U.S.S.G. § 1B1.13(b)(1)(C).

Radulescu also contends that "newly discovered evidence," including the report of a court appointed special master; his symptoms of "scattered wheezing on forced expiration"; and the BOP's failure to provide a prescribed "spacer" for his asthma inhaler, all require that this Court reconsider its September 16th denial of his motion for compassionate release. (ECF No. 1542 at 4–6.) The Court disagrees. First, the June 2024 report of the special master that Radulescu submits with his motion is not relevant to his claims. It is a report on conditions in a specific BOP facility—FCI Dublin, a woman's prison located in Dublin, California—and its findings are specific to that prison. (*See* ECF No. 1542 at 10.) Radulescu is currently housed in a different prison, FCI Oxford, located in Oxford, Wisconsin. Radulescu maintains that the special master's report is still relevant because it discusses "BOP wide" issues. Although the report states that "some of the deficiencies and issues exposed within this report are likely an indication of systemwide issues within the BOP" (ECF No. 1542 at 15), Radulescu has identified no evidence of conditions at FCI Oxford that create "extraordinary and compelling" reasons warranting a sentence reduction.

2

Equally unavailing is Radulescu's reliance on a July 10, 2024 off-site medical examination of him that identified "scattered wheezing on forced expiration" by him and prescribed him a spacer for his asthma inhaler. Radulescu claims that the BOP's failure to identify the scattered wheezing symptom either means the condition developed due to the BOP's failure to provide long-term or specialized medical care, or that "the BOP's medical attention . . . is simply below the standard of humane health care." (ECF No. 1542 at 4.) The presence of this "scattered" symptom during one health visit does not lead to the conclusion that it was brought on by a failure of the BOP to provide adequate medical care, let alone that its presence risks or evidences a serious deterioration in Radulescu's health. In addition, the government has written that the BOP has arranged to provide Radulescu with a new spacer. (ECF No. 1544 at 7.)

Not only do the records reflect continuing monitoring of Radulescu's health by BOP Health Services, but they also reflect the BOP's attention to his health in the future as well. In the report of Radulescu's July medical examination, the doctor recommended a follow-up visit in three months, and recommended that Radulescu complete certain laboratory tests, several of which he has subsequently completed. (ECF No. 1542 at 22.) Thus, the "newly discovered evidence" Radulescu references reflects that Radulescu's medical care is ongoing.

In sum, Radulescu simply has not presented new evidence, identified intervening controlling law, or shown a clear error or manifest injustice that would warrant reconsideration of the Court's September 16th decision.

## II.     Radulescu's Remaining Arguments Also Fail.

Radulescu also contends that the Court failed to properly evaluate his compassionate release motion under section 1B1.13(b)(4), which provides that extraordinary and compelling reasons exist if a defendant in custody was a victim of sexual abuse or physical abuse resulting in serious bodily injury committed by a BOP employee. U.S.S.G. §1B1.13(b)(4). But he introduces no evidence to satisfy that section's requirement that the alleged physical or sexual abuse "be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." *Id*. To the contrary, the documents filed under seal relating to Radulescu's allegations of sexual misconduct establish that the BOP conducted a formal investigation into his claims and determined that they were unsubstantiated. (*See* ECF Nos. 773–74.) Radulescu concedes that although he alleges the occurrence of a "sexual act," he "does not meet the rest of the requirements" of section 1B1.13(b)(4). (ECF No. 1542 at 4.) There is no clear error in, or manifest injustice

3

caused by, the Court's prior decision denying his section 1B1.13(b)(4) claim, nor does he raise new facts or law warranting reconsideration.

Radulescu urges that the Court failed to independently evaluate his claim of sexual abuse under the "Other Reasons" subsection of U.S.S.G. § 1B1.13(b), which provides that extraordinary and compelling reasons exist when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). But Radulescu's sexual abuse claim fails under that subsection for the same reason it fails under section 1B1.13(b)(4): it is completely unsubstantiated. In addition, the Court finds that the circumstances present here, even when considered in combination, are not extraordinary and compelling. Moreover, none of Radulescu's other arguments for compassionate release survive under section 1B1.13(b)(5) for the reasons set forth in the Court's September 16, 2024 opinion, and Radulescu has failed to show that this conclusion is clearly erroneous or manifestly unjust.

Finally, Radulescu's discussion of the 18 U.S.C. § 3553(a) factors in his reply brief restates arguments he made in his original compassionate release motion, without identifying any grounds justifying reconsideration of the Court's previous conclusion.

### III. Conclusion

For the foregoing reasons, Radulescu's motion for reconsideration is denied.

The Clerk of Court is directed to mail a copy of this Opinion & Order to Alexandru Radulescu (#87932-054), FCI Oxford, Federal Correctional Institution, P.O. Box 1000, Oxford, Wisconsin 53952.

Dated: New York, New York
       December 26, 2024

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.