UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ALEXANDRU RADULESCU

        Defendant.

19-CR-651 (SHS)

ORDER

---

SIDNEY H. STEIN, District Judge:

    In January 2024, defendant Alexandru Radulescu moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), contending that he suffers from a variety of medical conditions that are not being adequately addressed by the Bureau of Prisons ("BOP"). Foremost among those conditions is Chronic Obstructive Pulmonary Disease, known as COPD. (ECF No. 1498.) He sought relief primarily pursuant to United States Sentencing Guidelines § 1B1.13(b)(1)(C). Under that provision, "[e]xtraordinary and compelling reasons" to support his motion exist if 1) "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care"; 2) that medical care is "not being provided"; and 3) without that care "the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

    Radulescu submitted extensive medical documentation with his motion (ECF No. 1498-A), and the Court denied the motion in a detailed opinion dated September 16, 2024. *United States v. Radulescu*, No. 19-CR-651, 2024 WL 4200388 (S.D.N.Y. Sept. 16, 2024). The Court determined that Radulescu had not demonstrated that the BOP was unable to care for an inmate with his conditions. *Id.* at *1. He had shown neither that appropriate care was not being provided to him, nor that he was at risk of serious deterioration in his health or death. *Id.* The Court wrote as follows:

> In fact, the BOP has provided—and continues to provide—significant, rather constant, medical care to Radulescu. This care includes multiple medical appointments with BOP staff members, including medical doctors, the prescription of various medications, as well as referrals to outside medical specialists for consultations and tests, including visits with a pulmonologist. Radulescu was screened by an outside

1

> pulmonologist as recently as July 10, 2024, according to his most recent filings with the Court. . . .
>
> Given this medical history, Radulescu has simply failed to show that "long-term or specialized medical care [] is not being provided," and he has failed to show that the BOP cannot render appropriate care.
>
> Radulescu has also failed to meet his burden with respect to the third requirement of Section 1B1.13(b)(1)(C) — that he is at "risk of serious deterioration in health or death." . . .
>
> Radulescu simply has not satisfied his burden of showing that the conditions of confinement . . . are "extraordinary" for purposes of section 3582(c).

*Id.* at *2 (internal citations removed).

In addition, the Court found that the section 3553(a) factors weighed against a reduction of his sentence. *Id.* at *3. Radulescu came to the United States "specifically to engage in ATM skimming," "became a leader of a major international ATM skimming and money laundering organization," and "obtain[ed] victims' debit card numbers and personal identification numbers at ATMs" by obtaining, assembling, and installing sophisticated ATM skimming equipment in order to capture personal identification information from the victims. *Id.*

Following the denial of Radulescu's motion for compassionate release, he sought reconsideration on a variety of grounds, but the Court found that he had "failed to show the existence of an intervening change of controlling law, new evidence previously unavailable, a clear error in the Court's September 16th determination, or the need to prevent manifest injustice," and denied that motion for reconsideration. *United States v. Radulescu*, No. 19-CR-651, 2024 WL 5220421 (S.D.N.Y. Dec. 26, 2024).

Radulescu now moves a third time for compassionate release pursuant to 18 U.S.C. § 3582, this time represented by counsel. However, the only new information in this motion is a report from Charles Howard, MD, a retired BOP medical officer who is now a "Prison Medical Consultant" with MedAvise Consultants, LLC. (ECF No. 1568-1.) Dr. Howard's report details Radulescu's medical history, taken from BOP medical records. His conclusions are that 1) "the level of Medical Care and ongoing workup required by Mr. Radulescu has not occurred," 2) "the BOP Director . . . has

testified . . . that Medical Care staffing and BOP facilities in general are woefully understaffed resulting in rampant inability to provide proper and timely medical care within the BOP system," and 3) "Radulescu requires timely ongoing care . . . [which] has not been provided while [he has been] incarcerated." (ECF No. 1568-1 at 7.) As a result, Dr. Howard "support[s] allowing Mr. Radulescu . . . to complete the remainder of his sentence in a Residential Recovery Center or Home Confinement with supervision." (*Id.* at 8.)

Section 3582(a) permits a court to reduce a defendant's sentence if 1) "extraordinary and compelling reasons warrant such a reduction"; 2) the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence; and 3) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

"The defendant bears the burden of proving he is entitled to compassionate release." *United States v. Laford*, No. 11-cr-1032, 2024 WL 3778890, at *2 (S.D.N.Y. Aug. 12, 2024) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)). Section 1B1.13(b) of the United States Sentencing Guidelines provides guidance on what constitutes extraordinary and compelling circumstances and governs the analysis of a motion for compassionate release. *See* U.S.S.G. § 1B1.13(b). Although Radulescu relies primarily on U.S.S.G. § 1B1.13(b)(1)(C) to support his motion, his counsel makes only a single conclusory reference to this guidelines provision before summarizing at length the contents of medical records previously provided to the Court, (*see* ECF No. 1568 at 2). As the Court wrote in response to defendant's previous motion for compassionate release,

> Even assuming Radulescu's conditions require long-term or specialized care, the presence of a health condition requiring long-term or specialized care does not by itself establish an extraordinary and compelling circumstance warranting a sentence reduction. *See United States v. Rodriguez*, No. 12 CR. 790, 2024 WL 244379 (S.D.N.Y. Jan. 23, 2024) (defendant with COPD did not present extraordinary and compelling reasons warranting sentence reduction). Rather, courts that have ordered compassionate release for defendants with Chronic Obstructive Pulmonary Disease ("COPD") have done so when significant additional circumstances provided evidence of extraordinary and compelling circumstances. *See, e.g., United States v. Phillibert*, 557 F. Supp. 3d 456 (S.D.N.Y. 2021)

(ordering compassionate release of defendant during COVID-19 pandemic who was obese, had been denied use of his inhaler despite suffering from COPD, had contracted COVID-19 while incarcerated, and had served over 85% of his sentence); *United States v. Watts*, No. 92-CR-767, 2023 WL 35029 (E.D.N.Y. Jan. 4, 2023) (ordering compassionate release of defendant who had served over 30 years of a 92 year sentence resulting from the former "stacking provision" of 18 U.S.C. § 924(c), because of age and health risks including COPD).

*Radulescu*, 2024 WL 4200388, at *1.

Moreover, neither defendant's counsel nor Dr. Howard addresses whether the section 3553(a) factors weigh in favor of a sentence reduction, except for the request "to incorporate by reference the case facts stated in Radulescu's prior like applications." (ECF No. 1568 at 1.) As set forth in the Court's prior opinions on defendant's applications for compassionate release, those factors weighed significantly against a sentence reduction. *See Radulescu*, 2024 WL 4200388, at *3; *Radulescu*, 2024 WL 5220421, at *3.

Accordingly, defendant's third motion for compassionate release is denied.

Dated:   New York, New York
         April 17, 2025

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

4